```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
In re Celsius Network LLC,                                    :
                                                              :
                                          Debtor.             :   1:23-cv-10036-GHW
-------------------------------------------------------------:
                                                              :       ORDER
Equities First Holdings, LLC, *and* Alexander                 :
Christy,                                                      :
                                                              :
                                       Appellants,            :
                                                              :
              v.                                              :
                                                              :
Celsius Network Limited,                                      :
                                                              :
                                        Appellee.             :
                                                              :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On November 14, 2023, Appellants filed a motion to stay the adversary proceeding pending appeal, under Rule 8007 of the Federal Rules of Bankruptcy Procedure. Dkt. No. 3. For the reasons that follow, this motion is GRANTED.

On September 6, 2023, Debtor-Plaintiff-Appellee commenced an adversary proceeding in the Bankruptcy Court for the Southern District of New York. Dkt. No. 4 at 7 (citing Adversary Proceeding Dkt. ("APD") No. 9-1).[1] Defendants-Appellants then filed a motion to compel arbitration, asking that the Bankruptcy Court stay or dismiss the proceedings pending arbitration under the Federal Arbitration Act ("FAA"). *Id.* (citing APD No. 9-1). They did so because Plaintiff-Appellee had previously agreed to arbitration with Defendants-Appellants on at least some of the claims at issue. *See id.* In Plaintiff-Appellee's response, Plaintiff-Appellee agreed that at least

---

[1] Pagination references throughout adhere to ECF pagination, not native pagination. References to the APD refer to the docket of *In re Celsius Network LLC*, No. 23-01167 (MG) in the Bankruptcy Court for the Southern District of New York.

some claims are arbitrable. *Id.* (citing APD No. 22).

On October 24, 2023, the Bankruptcy Court held a hearing on Defendants-Appellants' motion to compel arbitration. *Id.* (citing Dkt. No. 4-2). At this hearing, the Bankruptcy Court judge noted that while Defendants-Appellants "may be right" that the claims should be arbitrated, it wasn't clear whether all or only some of the claims are arbitrable. Dkt. No. 4-2 at 16. Nonetheless, the Bankruptcy Court judge stated that "[n]o one here disputes that EFH and Celsius agreed to arbitrate certain disputes that are enumerated in the relevant arbitration clauses . . . ." Dkt. No. 4-2 at 41.

Later that day, the Bankruptcy Court judge ordered Defendants-Appellants to "file any responsive pleadings to the Complaint on or before Thursday, November 23, 2023 at 5:00 p.m." Dkt. No. 1-1 at 6; APD No. 27. Defendants-Appellants then filed an "emergency motion for clarification" about this October 24, 2023 order, asking the judge to "clarify whether [his] Order . . . is refusing to stay the matter pending arbitration and instead ordering Defendants to respond to the Complaint." Dkt. No. 4 at 8 (citing APD No. 29). On November 7, 2023, the Bankruptcy Court judge stated that he "*did not rule* on the Arbitration Motion." Dkt. No. 1-1 at 8 (emphasis in original); APD No. 31. But his requirement that Defendants-Appellants file responsive pleadings remained in place. *See* Dkt. No. 1-1; APD No. 31. Following Defendants-Appellants' filing of a notice of appeal and statement of election under the FAA on November 7, 2023, *see* APD No. 33, Defendants-Appellants moved for a stay pending their interlocutory appeal, APD No. 35. This motion was denied. Dkt. No. 8-3 at 2–3; APD No. 38. On November 14, 2023, Defendants-Appellants filed a motion in this Court to stay the adversarial proceedings pending appeal, Dkt. No. 3, with an accompanying memorandum of law, Dkt. No. 4.

Although the Bankruptcy Court judge did not deny Defendants-Appellants' motion to compel arbitration, he did effectively "refus[e] a stay" of the action under section 3 of the FAA,

thereby conferring appellate jurisdiction on this Court. *See* 9 U.S.C. § 16(a)(1); *see also, e.g.*, *In re Winimo Realty Corp.*, 270 B.R. 99, 105 (S.D.N.Y. 2001) ("Pursuant to section 16(a) of the Federal Arbitration Act, [a party] has a right to appeal an order denying a petition to compel arbitration or refusing to stay an action pending arbitration. Pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure, APDC may make a motion for a stay of the Bankruptcy Court's order pending appeal of that order to the District Court."). Plaintiff-Appellee argues that "a mandatory stay under § 3 of the FAA must be granted only as to arbitrable claims and issues." Dkt. No. 7 at 6 (citing 9 U.S.C. § 3). Here, it appears that Plaintiff-Appellee, Defendants-Appellants, and the Bankruptcy Court judge all agreed that at least some of the claims in the underlying action are arbitrable. *See* Dkt. No. 4 at 7 (Defendants-Appellants asserting as much); *id.* (citing APD No. 22) (same for Plaintiff-Appellee); *id.* (citing Dkt. No. 4-2 at 16, 41) (same for the Bankruptcy Court judge). In ordering that Defendants-Appellants provide responsive pleadings on all claims in the adversary proceeding—including the arbitrable ones—the Bankruptcy Court judge in effect denied Defendants-Appellants' request to stay the adversary proceeding pending arbitration of these claims. Thus, this Court has appellate jurisdiction. *See* 9 U.S.C. § 16(a)(1); 9 U.S.C. § 3; *In re Winimo Realty Corp.*, 270 B.R. at 105.

Moreover, a "showing of probable irreparable harm is the principal prerequisite for the issuance of a [Rule 8005] stay." *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007) (internal quotation marks and citation omitted) (brackets in original). "Irreparable harm must be 'neither remote nor speculative, but actual and imminent.'" *Id.* (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)). "[I]rreparable harm exists when a party is forced to arbitrate a dispute that is not subject to arbitration, but no irreparable harm arises from arbitrating disputes that are subject to arbitration." *Pike Co., Inc. v. Tri-Krete Ltd.*, 349 F. Supp. 3d 265, 272 (W.D.N.Y. 2018); *see also Maryland Cas. Co. v. Realty Advisory Bd. on Lab. Rels.*, 107 F.3d 979, 985 (2d

Cir. 1997) (finding that a party "would be irreparably harmed by being forced to expend time and resources arbitrating an issue that is not arbitrable, and for which any award would not be enforceable"). Here, forcing Defendants-Appellants to litigate the arbitrable claims would constitute irreparable harm. *See Pike Co, Inc.*, 349 F. Supp. At 272; *Maryland Cas. Co.*, 107 F.3d at 985.

Because the Bankruptcy Court judge's October 24, 2023 order results in irreparable harm—by requiring Defendants-Appellants to answer claims that all parties, and the Bankruptcy Court judge, collectively acknowledge must be submitted to arbitration—Defendants-Appellants' motion to stay the adversary proceeding pending appeal, Dkt. No. 3, is GRANTED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 3.

SO ORDERED.

Dated: November 20, 2023

_____
GREGORY H. WOODS
United States District Judge