USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
In re Celsius Network LLC, :
:
                                            Debtor. :    1:23-cv-10036-GHW
-------------------------------------------------------------- :
:     ORDER
Equities First Holdings, LLC, *and* Alexander :
Christy, :
:
                                  Appellants, :
:
            v. :
:
Celsius Network Limited, :
:
                                  Appellee. :
:
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On November 19, 2023, non-party Daniel A. Frishberg filed a motion to dismiss the interlocutory appeal. Dkt. No. 17. In addition, Mr. Frishberg moved to unseal the complaint on the Bankruptcy Court's docket. *Id.* For the reasons that follow, Mr. Frishberg's motion is denied.

       Mr. Frishberg makes his motion to dismiss the interlocutory appeal on the grounds of his belief that Defendants-Appellants' motion to stay, Dkt. No. 3, was, in Mr. Frishberg's view, "frivolous," Dkt. No. 17 at 3; *see also id.* at 6 (calling the motion "completely frivolous" and asserting that it "def[ies] logic"). For the reasons stated in the Court's November 20, 2023 order, Dkt. No. 18, Defendants-Appellants' motion for a stay is not frivolous and was granted, *see id.* Thus, Mr. Frishberg's motion to dismiss the appeal, on the grounds that Defendants-Appellants' motion for a stay is "frivolous," is denied.

       Additionally, Mr. Frishberg requests that the complaint on the Bankruptcy Court's docket "either be unsealed in its entirety, or at a bare minimum unsealed to allow any creditor/party in interest who has signed the protective order to view it." Dkt. No. 17 at 5. This Court has appellate

jurisdiction over the question presented to it on appeal; here, Defendants-Appellants "appeal[ed] from the [Bankruptcy Court judge's] Order Requiring Responsive Pleadings dated Oct. 24, 2023 [Adversary Proceeding Dkt. 27[1]], attached as Ex. 2, and the Order Denying Motion for Clarification dated Nov. 7, 2023 [Adversary Proceeding Dkt. 31], attached as Ex. 3 . . . ." Dkt. No. 1 (identifying the subject of appeal); *see also* 9 U.S.C. § 16(a)(1) (stating that appeals may be taken from orders refusing stays under the Federal Arbitration Act, *inter alia*); Dkt. No. 18 (explaining the Court's basis for appellate jurisdiction over this question). The question of whether the complaint on the Bankruptcy Court's docket should be unsealed has not been presented to this Court, and there is no basis for this Court to take up the question on appeal at this time.[2] Therefore, Mr. Frishberg's motion to unseal the complaint is denied.

       SO ORDERED.

Dated: November 21, 2023

GREGORY H. WOODS<br>
United States District Judge

---

[1] References to the Adversary Proceeding Docket refer to the docket of *In re Celsius Network LLC*, No. 23-01167 (MG) in the Bankruptcy Court for the Southern District of New York.

[2] The doctrine of pendent appellate jurisdiction does not apply. That "doctrine allows [appellate courts], '[w]here we have jurisdiction over an interlocutory appeal of one ruling,' to exercise jurisdiction over other, otherwise unappealable interlocutory decisions, where such rulings are 'inextricably intertwined' with the order over which we properly have appellate jurisdiction, or where review of such rulings is 'necessary to ensure meaningful review' of the appealable order." *Myers v. Hertz Corp.*, 624 F.3d 537, 552 (2d Cir. 2010) (quoting *Bolmer v. Oliveira,* 594 F.3d 134, 141 (2d Cir. 2010)). Here, the question of whether to seal or unseal the underlying complaint is not "inextricably intertwined," *id.*, with the question of whether the Bankruptcy Court judge's order requiring responsive pleadings on arbitrable claims was proper. Nor was review of the underlying complaint "necessary to ensure meaningful review," *id.*, of the appealable orders of the Bankruptcy Court judge identified in Dkt. No. 1. Indeed, this Court had no occasion to review the underlying complaint at issue in deciding Defendants-Appellants' motion to stay, Dkt. No. 18; nor is the underlying complaint of the Bankruptcy Court docket on the record for appeal.