USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                          :
In re Celsius Network LLC,               :
                                         :
                             Debtor.  :     1:23-cv-10036-GHW
------------------------------------------------------------- :
                                          :           ORDER
Equities First Holdings, LLC, *and* Alexander  :
Christy,                                :
                                          :
                              Appellants, :
                                          :
              v.                    :
                                          :
Celsius Network Limited,               :
                                          :
                             Appellee. :
                                          :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On January 16, 2024, Appellee filed a motion "request[ing] leave to file Celsius's Opposition to Opening Brief of Defendants-Appellants Equities First Holdings, LLC and Alexander Christy (the 'Brief') with redactions in compliance with this Court's December 13, 2023 Order (the 'Order'), allowing certain sensitive material to be filed under seal." Dkt. No. 51 at 1. This application is granted. In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of

such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Having evaluated these factors, the motion to seal is granted. The documents sought to be sealed are judicial documents. As noted in the Court's December 13, 2023 order, Dkt. No. 45, the weight of the presumption here is modest; again, the information sought to be sealed is limited to commercially sensitive business and financial information that is unlikely to have any significance for the Court in considering the appeal from the Bankruptcy Court. The presumption relates to the Court's need to evaluate the Bankruptcy Court's decision as raised on this appeal; it does not concern the merits of the underlying litigation. The factors that counsel against disclosure described in the documents—principally the potential commercial impact on Appellants—outweigh the public's interest in disclosure of the sealed records at this time. The motion to seal is granted with respect to the specified redactions as highlighted in yellow. This determination is made only with respect to the information at issue at this stage of the case and on this record.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 51.

SO ORDERED.

Dated: January 17, 2024
New York, New York

GREGORY H. WOODS
United States District Judge